[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE
This case arises out of two accidents involving three cars.
The first car in the line of traffic came to a stop to turn left into a private way.
The second car collided into the rear of car number one and bounced back.
The third car again collided with the second vehicle which bounded forward once again into the rear of the first car.
The operator of and the passengers in the second car sued the operator and owner of the third car.
The operator of and the owner of the third car sued the operator of the first car.
Third car occupants allege
Count One, The operator of the first car in the line is at fault the for the accident so if the occupants of Car #2 are damaged then you, Car # 1 operator, must pay.
Count Two, the operator of Car #3 may be held liable and if that is so, the operator of Car #1 must share not only for what operator of Car #3 is liable for but also his expenses for defense.
This is a Tort II case. There is no question that the defendant has the right to implead as a third party plaintiff and bring in a third party defendant as authorized by Conn. Gen. Stats. 52-102. CT Page 8109
By virtue of the first count of the third party plaintiff complaint, the operator of the first car in the line is now a third party defendant.
Effectively at the end of the evidential hearing, assuming there is evidence of negligence on the part of the defendant-third party plaintiff and the third party defendant, the verdict form will reflect the same.
Conn. Gen. Stats. 52-572 (4) states the jury or court shall specify in the verdict or judgment "the percentage of negligence that proximately caused the injury, death or damage to property in relation to one hundred percent, that is attributable to each party whose negligent actions were a proximate cause of the injury, death or damage to property, including settled or released persons . . . and (5) the percentage of such negligence attributable to the claimant."
The pleadings no longer go to the jury nor are they read at the beginning of trial.
Once all of the parties are before the jury or court then by virtue of Conn. Gen. Stats. 52-572h(f) it becomes the responsibility of that finder of fact to determine if the
(A) Defendant-Third Party is negligent and, if so, to what degree between 0% and 100%; if the
(B) Plaintiff is negligent, to what degree between 0% and 100%, and if the
(C) Third Party Defendant is negligent, to what degree between 0% and 100%.
The negligence of all of the parties and released individuals must equal 100% of the negligence involved.
The court in ruling upon the Motion to Strike, the second count must then look to that pleading and determine if it provides a proper vehicle or basis for the offer by the party pleading of evidence to support that the happening was not the fault of the defendant-third party plaintiff but that of the third party-defendant, either totally or in part.
There would not be a separate verdict form between the defendant-third party plaintiff and the third party defendant.
The theory as to whether the claim is one for indemnification or contribution is really moot. Call it what CT Page 8110 you may.
The practical application of the statute is to require the finder of fact to make the necessary findings as to percentage of any fault by and between all the parties and released individual, if any.
The pleadings as they stand appear to support a basis for the offer of such evidence.
There are parts of Count Two that are improperly claimed and may be subject to being stricken. However, in the present Motion to Strike, the relief sought is to strike the entire count and not particular parts of that count.
Accordingly, the court denies the motion.
JOHN F. WALSH, J.